

Villanova University School of Law

Opinions of the United
States Court of Appeals
for the Third Circuit

2009 Decisions

2-10-2009

# Jackson v. Tinicum

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1988

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Jackson v. Tinicum" (2009). *2009 Decisions.* Paper 1895.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1895

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 07-1988, 07-2049, 07-2108
_____

GUY DOUGLAS JACKSON,

Appellee,

v.

TINICUM TOWNSHIP; RALPH L. SLATTEN IN HIS OFFICIAL AND INDIVIDUAL
CAPACITIES; JOSEPH MARINO IN HIS OFFICIAL AND INDIVIDUAL
CAPACITIES; WILLIAM DEAN IN HIS OFFICIAL AND INDIVIDUAL
CAPACITIES; R. KEITH ZURINSKY IN HIS OFFICIAL AND INDIVIDUAL
CAPACITIES; JOHN DOE IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
JAMES ROE IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; and DENNIS
DALY IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;

Appellants.

_____

Appeal from the Order of the United States District Court
for the Eastern District of Pennsylvania
(No. 05-cv-03854)
District Judge: Honorable Ronald L. Buckwalter

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 8, 2009

Before: FUENTES, FISHER, and ALDISERT, Circuit Judges.

(Opinion Filed: February 10, 2009 )

FUENTES, Circuit Judge:

Guy Douglas Jackson brought this suit against numerous officers of several

Philadelphia-area police departments (as well the Tinicum Township Police Department)

alleging claims of excessive force, unreasonable seizure and detention, failure to provide medical treatment, and failure to train, as well as ancillary state law claims sounding in civil conspiracy, assault and battery, false arrest, and defamation. At the close of discovery, the Appellees moved for summary judgment, arguing that they were entitled to qualified immunity. The District Court granted the motion in regard to the state civil conspiracy charge, but denied the motion in regard to all other federal and state claims. The officers and township now appeal. For the reasons stated below, we will affirm.

I.

Because we write exclusively for the parties, we only discuss the facts and proceedings to the extent necessary for the resolution of this case.

On January 25, 2005, Appellant Jackson checked into the Comfort Inn in Essington, Pennsylvania. At 6:30 that evening, a guest in a neighboring room reported hearing a sustained moaning emanating from Jackson's room, and notified the employees at the front desk. The Comfort Inn employees attempted to contact Jackson, but the door was locked and their knocks went unheeded. Unable to gain entrance, the employees reported the situation to the Tinicum Township Police Department.

Tincicum Township Police Officers Slatten, Zurinsky, Dean, and Marino responded. Shortly thereafter, officers from a variety of other jurisdictions arrived at the scene. While the other officers arrived, a Comfort Inn maintenance man, Mr. Zizza, pried open Jackson's door with a crowbar, and the Tinicum officers kicked the door in. After

2

the door was opened, the officers from Tinicum – along with Officer Daly and perhaps one other officer – entered the room. The other officers that had arrived at the scene remained outside the door. During this time, Mr. Zizza recalled that an officer opined to the other officers that Jackson probably had ingested angel dust (PCP).

The initial wave of officers found Jackson sitting cross-legged on the floor, moaning, and wearing only a t-shirt. Officers Dean and Slatton approached Jackson and touched him, causing Jackson to tense and "rear up." The Tinicum Officers responded by subduing Jackson with pepper spray, wrestling him to the ground, and punching him repeatedly. The officers then tied Jackson's hands and ankles behind his back. During this time, Officer Daly was present and assisting the Tinicum officers.

Once immobilized, medical personnel were summoned and Jackson was transported to the Crozer Chester Medical Center. While the officers subdued Jackson, the rest of the officers – that is, those other than the Tinicum officers, Officer Daly, and perhaps one other officer – remained outside the door, within earshot.

At the hospital, medical personnel determined that Jackson had been moaning in the motel room due to a brain aneurism, which had rendered him unable to respond to external stimuli. As a result of the officers' efforts to subdue him, Jackson suffered rug burns, multi-layer wounds, several broken ribs, a collapsed lung, injuries to his back, neck, wrists, and hands, and the loss of two teeth.

## II.

We derive our jurisdiction from 28 U.S.C. § 1291. This appeal is properly before us because the issue in the District Court was Appellants' entitlement to qualified immunity. Qualified immunity protects officials from suit, not just liability, and thus "is effectively lost" when a case proceeds to trial. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); Forbes v. Twp. of Lower Merion, 313 F.3d 144, 147 (3d Cir. 2002). Therefore, "[w]hen a defendant moves for summary judgment based on qualified immunity, the denial of the motion may be appealed immediately under the collateral-order doctrine . . . ." Id.

Our review of the District Court's order is somewhat limited. We do not have jurisdiction to review a district court's summary judgment order "insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." Johnson v. Jones, 515 U.S. 304, 319-20 (1995); Blaylock v. City of Philadelphia, 504 F.3d 405, 409 (3d Cir. 2007) ("[I]f a district court determines that there is sufficient record evidence to support a set of facts under which there would be no immunity, we must accept that set of facts on interlocutory review." (internal quotation marks omitted)). We do have jurisdiction, however, "to review whether the set of facts identified by the district court is sufficient to establish a violation of a clearly established constitutional right." Ziccardi v. City of Philadelphia, 288 F.3d 57, 61 (3d Cir. 2002).

We find that the District Court specified an adequate factual basis to warrant the

denial of summary judgment based on qualified immunity. The District Court considered the evidence presented by the parties and determined that the facts justified dividing Appellants into three distinct groups, with membership in each group dependant on each Appellant's proximity to the scene of the incident and the specific constitutional violations each allegedly committed. The District Court then identified which specific facts supported a finding of unconstitutional behavior, noting when its findings applied to each individual member of each group. These facts identified by the District Court, if proven at trial, are surely adequate to substantiate unreasonable constitutional violations.

Accordingly, we will affirm the District Court's denial of summary judgment.